Andrew L. Berne, Esq. (USB 15540)
Alan C. Schiess, Esq. (USB 20367)
**BABCOCK SCOTT & BABCOCK, P.C.**
370 E. South Temple, 4th Floor
Salt Lake City, Utah 84111
Telephone: (801) 531-7000
Facsimile: (801) 531-7060
andrew@babcockscott.com
alan@babcockscott.com

*Attorneys for Pitt Roofing, Inc.*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of PITT ROOFING, INC., a Utah corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>DSB CONSTRUCTION, LLC, a Utah limited liability company; ATLANTIC SPECIALTY INSURANCE COMPANY, a Minnesota corporation,<br><br>   Defendants. | **COMPLAINT**<br><br><br><br><br>Case No._____<br><br>Judge_____ |

Pitt Roofing, Inc. ("Pitt"), by and through counsel, hereby files this Complaint and complains of Defendants, and for good cause of action alleges as follows:

### PARTIES

1. Pitt is a Utah corporation.

2. Defendant DSB Construction, LLC ("DSB") is a Utah limited liability company.

3. Defendant Atlantic Specialty Insurance Company ("Atlantic" or "Surety") is a Minnesota corporation.

## JURISDICTION AND VENUE

4. Pitt incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

5. Pursuant to 40 U.S.C. § 3131, *et seq.* (the "Miller Act"), as amended, jurisdiction over this matter is proper in the United States District Court for the District of Utah. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. Pursuant to 40 U.S.C. § 3131(3), venue is proper in the District of Utah, because the contract work at issue in this matter was furnished in Vernal, Utah.

## GENERAL ALLEGATIONS

7. Pitt incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

8. DSB desired Pitt provide labor, equipment, and materials to a project in Jensen, Utah, more specifically, located at Dinosaur Quarry, Jensen, UT 84035 (the "Project").

9. The United States of America (the "Government") hired DSB as the prime contractor to complete the Project.

10. To that end, Pitt as a first tiered subcontractor, for purposes of the Miller Act, entered a contract (the "Contract") with DSB to construct the Project.

11. Pursuant to and in accordance with the Contract and the Miller Act, DSB as principal and Atlantic executed and delivered Payment Bond #8000073477 (the "Bond") in favor of Pitt and for the benefit of contractors working on the Project. Pursuant to the Bond, DSB and Atlantic bound themselves jointly and severally in the initial penal sum of the Bond. A true and correct copy of the Bond is attached hereto as Exhibit A.

12. DSB, in turn, contracted with Pitt as a subcontractor, for purposes of the Miller Act, to furnish services, materials and/or equipment for the Project.

13. Pitt completely satisfied all of its contractual obligations to DSB for the Project.

14. DSB breached its subcontract with Pitt by failing to pay Pitt for the services, materials and/or equipment it furnished to DSB for the Project.

15. Pitt is a proper claimant under the Bond, because:

(a) DSB has failed to pay Pitt for the services materials and/or equipment Pitt furnished for the Project;

(b) More than ninety (90) days have elapsed from the date on which Pitt last furnished services materials and/or equipment for the Project, as required by the Miller Act; and

(c) This action is filed within the one (1) year of the date on which Pitt last furnished services, materials and/or equipment for the Project, as required by the Miller Act.

16. Pursuant to the Miller Act, Pitt is entitled to maintain this action on the Bond against Surety and its principal DSB.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

17. Pitt incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

18. DSB completed and executed a certain subcontract agreement related to the roof repair portion of the Project, a true and correct copy of which is attached hereto as Exhibit B (the "Pitt Roofing Agreement"), for the purpose of Pitt providing services, materials and/or equipment to DSB for the Project.

19. Pursuant to the Pitt Roofing Agreement, DSB requested certain services, materials and/or equipment from Pitt and Pitt furnished the same to DSB.

20. Pitt has otherwise fully and completely satisfied any contractual obligations to DSB under the terms of the Pitt Roofing Agreement.

21. Despite the foregoing, DSB has failed to pay Pitt in full for the services, materials and/or equipment, which failure constitutes a material breach of the Pitt Roofing Agreement for which Pitt is entitled to recover.

22. DSB is indebted to Pitt for the services materials and/or equipment furnished by Pitt to DSB in the amount of at least $27,648.75, plus interest at the

highest rate allowed by law from the dates payments were due until paid in full, plus attorney fees and costs, as authorized by applicable law or contract.

### SECOND CLAIM FOR RELIEF
(Failure to Promptly Pay)

23. Pitt incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

24. Pitt provided satisfactory work for which DSB was compensated.

25. DSB failed to timely compensate Pitt for services, materials and/or equipment provided to the Project.

26. Pursuant to Federal Acquisition Regulation 52.232-27(6)(c)(1), DSB, as general contractor, is required to compensate Pitt within 7 days from receipt of payment from the government for satisfactory work.

27. DSB is indebted to Pitt for the services materials and/or equipment furnished by Pitt to DSB in the amount of at least $27,648.75, plus interest at the highest rate allowed by law from the dates payments were due until paid in full, plus attorney fees and costs, as authorized by applicable law or contract.

### THIRD CLAIM FOR RELIEF
(Miller Act Payment Bond)

28. Pitt incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

29. Pursuant to the Miller Act, DSB as principal and Atlantic as surety executed and delivered the Bond to Pitt.

30. Pitt contracted as DSB's subcontractor and is a claimant under the Bond.

31. DSB failed to remit payment in full to Pitt for the materials and/or equipment Pitt furnished to DSB for the Project.

32. Pitt is entitled to payment from DSB and Surety pursuant to the Miller Act and Surety's Bond for the Project.

33. Pitt is entitled to payment in the amount of at least $27,648.75, plus interest at the highest rate allowed by law from the dates payments were due until paid in full, plus attorney fees and costs as allowed by law and/or contract.

### FOURTH CLAIM FOR RELIEF
(Quantum Meruit / Unjust Enrichment)

34. Pitt incorporates by reference each and every allegation contained in the preceding paragraphs of its Complaint.

35. Pitt has furnished certain materials and/or equipment for the Project which have conferred a benefit upon Defendants.

36. Pitt acted as alleged herein with the expectation of being compensated therefor in an amount equal to the reasonable value of the materials and/or equipment furnished and has not acted as a volunteer or intermeddler.

37. To permit Defendants to retain the benefit without compensating Pitt for the reasonable value of the materials and/or equipment furnished would result in the unjust enrichment of Defendants at the expense of Pitt, which should not be allowed.

## REQUEST FOR RELIEF

WHEREFORE, Pitt requests the following relief:

1. As to the First Claim for Relief, for a judgment in favor of Pitt and against DSB in the amount of at least $27,648.75, plus interest at the highest rate allowed by law from the dates payments were due until paid in full, plus attorney fees and costs, as authorized by the contract and/or applicable law.

2. As to the Second Claim for Relief, for a judgment in favor of Pitt and against DSB in the amount of at least $27,648.75, plus interest at the highest rate allowed by law from the dates payments were due until paid in full, plus attorney fees and costs, as authorized by the contract and/or applicable law.

3. As to the Third Claim for Relief, for a judgment in favor of Pitt and against DSB and Surety, jointly and severally, in the amount of at least $27,648.75, plus interest at the highest rate allowed by law from the dates payments were due until paid in full, plus attorney fees and costs authorized by the Bond and applicable law.

4. As to the Fourth Claim for Relief, for a decree adjudging that Defendants are liable to Pitt for the full value and benefit received by Defendants, plus interest, under the equitable doctrine of unjust enrichment or *quantum meruit* to prevent the unjust enrichment of Defendants at the expense of Pitt.

5. For such other and further relief as the Court deems just and proper.

DATED this 16th day of October, 2025.

                                            **BABCOCK SCOTT & BABCOCK, P.C.**

                                            */s/ Andrew L. Berne*
                                            Andrew L. Berne
                                            *Attorneys for Pitt Roofing, Inc.*